IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Noe Palmares, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 3281 |
| Protective Life Insurance Company, | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Plaintiff Noe Palmares, as an insurance beneficiary, brought this action in the Circuit Court of Cook County, Illinois in order to recover the entire proceeds of a $250,000 life insurance policy (the "Policy") insuring the life of his late wife, Jessimae Palmares ("Jessimae"). He also seeks a statutory bad faith penalty for failure to pay insurance benefits.[1] The case was removed to this court by defendant Protective Life Insurance Company ("Protective"). Plaintiff is a citizen of Illinois residing in Cook County. Defendant is incorporated under the laws of the State of

---

[1] The Illinois Department of Insurance denied plaintiff's complaint against Protective without prejudice to seeking a remedy through the legal system.

Tennessee with its principal place of business in the State of Alabama. Defendant conducts insurance business in the State of Illinois. The amount in controversy exceeds $75,000. This court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1332(a).

After the death of his wife, plaintiff submitted to Protective a claim for the proceeds of the Policy. During the claim process, Protective determined that Jessimae misstated the date of her birth in her application for insurance, and that the premiums charged were lower because her date of birth was wrong. Instead of paying the full amount of the Policy, Protective paid plaintiff $153,509, making an adjustment for what the premiums would have been based on Jessimae's correct age.

Plaintiff disputes that Protective has produced the actual Policy issued, disputes that the application was attached to the Policy, and, if it was attached or applicable, he disputes that the actual age of the decedent was wrong or that the premiums paid were inadequate. He also contends that the Policy became incontestible two years after it was issued.

The case is before the court on the parties' cross-motions for summary judgment. On a motion for summary judgment, the entire record is considered

with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he or it will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. ***Celotex***, 477 U.S. at 324; ***Freundt v. Allied Tube & Conduit Corp.***, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); ***O'Brien v. Encotech Constr.***, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See* ***Lorillard Tobacco Co. v. A & E Oil, Inc.***, 503 F.3d 588, 594-95 (7th Cir. 2007); ***Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of***

*Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off

> summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Based on the documents submitted by the parties, including the deposition of plaintiff, the facts assumed to be true for purposes of ruling on defendant's motion for summary judgment are as follows. On July 15, 2004, a 20-year term life insurance policy was issued to Jessimae by Protective's predecessor in interest, Chase Life Insurance Company ("Chase"), with a policy date of August 4, 2004. Plaintiff testified in a deposition that he and Jessimae each mailed applications for a Zurich Life Insurance Company ("Zurich") policy on Zurich forms provided to them by an agent for Zurich. The Zurich application form completed by Jessimae named Jessimae as the beneficiary. An amendment to the application was faxed to the agent or the company on July 22, 2004 naming plaintiff Noe as beneficiary. The Zurich application produced in this litigation admittedly bears Jessimae's signature and states her birth date as December 29, 1971 rather than December 29, 1970, which is the correct date. On July 1, 2004,

before the issuance of the Policy, Chase acquired Zurich and the Policy in dispute was issued by Chase. Thereafter, on July 3, 2006, Protective acquired Chase.

Jessimae died on April 25, 2010. Plaintiff contacted Protective to claim the proceeds of the Policy. Plaintiff had lost the original Policy. During the claim process, plaintiff represented that his wife was born in 1970. The documentation-- her death certificate and driver's license-- confirmed that her birthday was December 29, 1970. In accordance with Illinois law, 215 ILCS 5/224(1)(d), the Policy expressly provides that if there is a misstatement of age or sex, the benefits under the Policy are those which the premiums would have bought for the insured's correct age. Protective Life adjusted the face amount of the Policy using premium rates for a 20-year term life insurance contract of a female 34 years of age rather than 33 years of age. The result was a large reduction in the insurance payable from $250,000 to $153,509. Plaintiff does not dispute the actual accuracy of this calculation under applicable underwriting and contract provisions. How, or under what circumstances, this error occurred is not an issue in this case.

Protective provided plaintiff with a copy of the Chase Policy and produced a copy of a Zurich application signed by Jessimae. Plaintiff attached the Chase Policy to the complaint initiating this action, but contends that issues of fact

exist as to whether the documents provided are copies of the original Policy for which application was made and issued. He also questions whether the application signed by Jessimae was ever made part of the Policy by attachment thereto because the document numbers of the copies of the Policy and application produced are not in sequence and the application was made to Zurich. The application appears to be on a Zurich form, it is signed by Jessimae, and it is the only application before the court.

Protective explained the change in ownership, which plaintiff does not dispute, resulted in the issuance of a Chase Policy. Protective also states that its policies and applications are kept in separate files.[2] There is a requirement that a policy delivered to an insured have a copy of the application attached in order to incorporate the insured's representations into the contract . 215 ILCS 5/224(c). However, there is no shown duty to keep such documents together in the files of an insurance company. Failure to keep such documents attached together does not give rise to an inference that the application was not incorporated into the

---

[2] Plaintiff argues that defendant's affidavit explaining the practice of filing applications apart from policies cannot be considered because the affiant was not disclosed as a potential witness. If this explanation of insurance practice was known to be a part of the defense of the case at the outset and if plaintiff had made a request for discovery pursuant to Fed. R. Civ. P 56(d)(2), the objection could be considered.

insurance contract or that a copy of the application was not attached to the lost policy delivered to the insured.  Moreover, plaintiff has not testified that there was no attachment of an application to the lost policy when it was delivered.  The only reasonable inference is that the application produced with Jessimae's admitted signature is the only application that was made and that it was a part of the Policy issued by Chase.

Plaintiff also argues that fax numbers on documents raise doubts about the transmission of the original application.  Whatever question there may be about such markings is not relevant because plaintiff testified that he mailed the original application.  He testified that he faxed an application amendment dated July 22, 2004 which corrected the beneficiary designation.  What was sent by fax does not create a material issue of fact relating to the contents of the Policy or application or the attachment of the application to the Policy.

Plaintiff also argues that the Policy correctly listed Jessimae's age as 33, which was her age on her last birthday prior to August 4, 2004, which is the customary manner of stating age in the United States.  However "Age at Issue" is a defined term in the Policy and the definition is not fully consistent with the customary manner of expressing age.  Age at issue is "[t]he insured's age nearest

birthday on the Policy Date."  The Policy Date is August 4, 2004 and Jessimae's December 29 birthday in 2004 (when she turned 34) was the nearest birthday to the Policy Date, not when she turned 33 more than seven months earlier on December 29, 2003.  Under the terms of the Policy, if her application had correctly listed her birthday as December 29, 1970 instead of December 29, 1971, the correct "Age at issue" should have been stated as 34 not 33, and different rates would have applied.

At the time of Jessimae's death in April 2010, the insurance premium had been pre-paid for additional months and a $38.75 refund was made for the period after her death.  Plaintiff argues that this amount more than covers any deficiency in premiums due as a result of the age misstatement.  This argument ignores Policy provisions which govern premium refunds, age statements, and principals of insurance underwriting.  The court cannot ignore or rewrite the terms of the Policy.  ***Gore v. Ind. Ins. Co.***, 376 Ill. App. 3d 282, 876 N.E.2d 156, 163 (1st Dist. 2007); ***Klemp v. Hergott Group, Inc.***, 267 Ill. App. 3d 574, 641 N.E.2d 957, 962 (1st Dist. 1994).

Plaintiff also argues that the face amount of the Policy must be paid because, under Illinois law, the Policy became incontestable two years after it was issued.  215 ILCS 5/224(1)(c).  Protective is not contesting validity or trying to

rescind the contract, but is rather applying the terms under Illinois law with respect to misstatements of age.  *See* 215 ILCS 5/224(1)(d).  There is no temporal restriction on the application of this statute; it expressly states that it may be applied at any time before final settlement under the policy.  *See generally* **Amica Life Ins. Co. v. Barbor**, 488 F. Supp. 2d 750, 758-59 (N.D. Ill. 2007).

Having found no violation of the Policy or bad faith withholding of payment of proceeds, summary judgment must be granted on defendant's motion. Plaintiff's motion, therefore, need not be separately addressed.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [20] is granted and plaintiff's motion for summary judgment [28] is denied.  The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*/s/ William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED:  NOVEMBER  27,  2012